**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GREEN CEDAR, LLC, d/b/a , Crazy Horse
Complex, FOUAD GHANTOUS, an
individual, PHREDCO, INC., d/b/a,
Club Christophers, CHRISTOPHER
WHITE, an individual, and JAMES
SPOONER, an individual,

        Plaintiffs,

vs.                                        Case No. 3:11-cv- 526-J-37TEM

CLAY COUNTY, FLORIDA, a subdivision
of the State of Florida,

        Defendant.

**ORDER**

This cause is before the Court on Plaintiffs' Emergency Motion for Temporary Stay Pending Appeal and Incorporated Memorandum of Law (Doc. No. 81) ("Motion"), filed on March 28, 2012. Defendant filed its Response in Opposition to Plaintiffs' Emergency Motion for Temporary Stay Pending Appeal (Doc. No. 82) on April 9, 2012.

To obtain a stay pending appeal, the moving party must show that: (1) it has a substantial likelihood of success on the merits; (2) it will suffer irreparable injury unless the stay issues; (3) the stay would not substantially harm the other litigant; and (4) if issued, the stay would not be adverse to the public interest.  *Valle v. Singer*, 655 F.3d 1223, 1225 (11th Cir. 2011).  Applying these factors, Plaintiffs have not met their burden.

The Court carefully and thoroughly reviewed all issues raised by the parties when it granted Defendant's Motion for Summary Judgment as to Counts I-IV of Plaintiffs'

Amended Complaint. (*See* Doc. No. 75, p. 28.) For the reasons set forth in the Court's February 7, 2012 Order (Doc. No. 75), the Court finds that Plaintiffs have not shown that they are "likely to prevail" nor that they have a "substantial case on the merits." Accordingly, their Motion is due to be denied. *See U.S. v. 2 parcels of real property consisting of 30 acres*, No. 2010 WL 2836596, at *2 (S.D. Ala. July 14, 2010) ("It is well established that the likelihood of success on the merits is ordinarily the 'most important' factor in the analysis and requires, at a minimum, a showing of a 'substantial case on the merits,' even upon a strong showing of the other three factors.") (citations omitted); *Al Maqaleh v. Gates*, 620 F. Supp. 2d 51, 56 (D.D.C. 2009) (as to first factor, movant must at least raise "serious legal questions going to the merits, so serious, substantial, difficult as to make them a fair ground of litigation") (citation omitted).

It is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Emergency Motion for Temporary Stay Pending Appeal and Incorporated Memorandum of Law (Doc. No. 81) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on April 12, 2012.

ROY B. DALTON, JR.
United States District Judge

Copies:
Counsel of Record